FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

2015 JAN 26  PM 2: 40

JACKSONVILLE, FLORIDA

| | |
|---|---|
| Shani Herncon<br><br>Plaintiff,<br><br>v.<br><br>Medicredit, Inc.<br><br>Defendant. | Case No. 3:15-cv-85-J-34JRK<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Shani Herncon, ("Shani"), is a natural person who resided in Jacksonville, Florida, at all times relevant to this action.

2. Defendant, Medicredit, Inc., ("Medicredit"), is a Missouri Corporation that maintained its principal place of business in Columbia, Missouri, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. See *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir.

2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. Medicredit uses a predictive dialer system.

7. Before Medicredit began contacting Shani, it and Shani had no prior business relationship and Shani had never provided express consent to Medicredit to be contacted on her cellular telephone.

8. Medicredit regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of Medicredit's revenue is debt collection.

10. Medicredit is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, Medicredit contacted Shani to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Shani is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, Medicredit willingly and knowingly used an automatic telephone dialing system to call Shani on her cellular phone multiple times in violation of the TCPA.

15. Around May 2014, Medicredit contacted Shani on Shani's cellular phone in connection with the collection of the debt.

16. Around May 2014, Shani communicated her desire that Medicredit cease calling her.

17. Despite being notified of this desire, Medicredit continued to call Shani on Shani's cellular phone in connection with the collection of the debt.

18. Medicredit caused Shani emotional distress.

19. Medicredit attempted to collect a debt from Shani.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 19 above as if fully set forth herein.

21. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 19 above as if fully set forth herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 19 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 19 above as if fully set forth herein.

27. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## COUNT FIVE

### Violations of the Florida Consumer Collection Practices Act

28. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 19 above as if fully set forth herein.

29. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

30. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

31. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

32. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

d. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ H. Karen Gatto
One of Plaintiff's Attorneys

*Of Counsel*
H. Karen Gatto, Esq.
Florida Bar No. 0190527
Hyslip & Taylor, LLC, LPA
8270 Woodland Center Blvd.
Tampa, FL 33614
Phone: 800-675-5507
Email: Kgatto@gattolaw.com

Date: January 19, 2015